J. C. HERBERT, WILLIAM FESSENDEN, ET AL. v. THE UNION DEVELOPMENT COMPANY AND THE TELASSIE POWER COMPANY.

(Filed 2 June, 1920.)

1. **State's Land—Grants—Secretary of State—Statutes—Change of Grantee.**

The power conferred upon the Secretary of State by ch. 460, Laws of 1889, now Rev., sec. 1741, to correct errors in grants of State's land, by supplying omissions, or correcting the names of grantees, material words or figures, etc., confers on him only a ministerial authority and not a judicial power, which is vested in the courts by our constitution, art. 4, sec. 2; and his change of the name in the grant from one person to another, by name, is in effect to declare the former a trustee of the latter, or his heirs at law, under a grant obtained by fraud or mistake, etc., and within the exclusive jurisdiction of the courts, and the action of the Secretary of State therein is void.

2. **Same—Deeds and Conveyances—Trials—Pleadings—Evidence—Appeal and Error—Objections and Exceptions.**

Where in an action involving title to lands, the defense, throughout the trial, is the validity of a State's grant under which the defendant claims, and there is also allegation denied, that the title had been conveyed to him by the plaintiff, but the deed, etc., was not put in evidence and his motion to nonsuit has been erroneously sustained by the trial judge solely upon the ground that the grant under which he claimed was a valid one, and on appeal the defendant has assigned no error therein: *Held,* the Superior Court could not have determined the question of the defendant's title under the deed of plaintiff, as alleged; and a new trial will be ordered for the error of the judge in sustaining as valid the grant, the source of defendant's title.

CIVIL ACTION for removal of cloud upon title, tried before *Ray, J.,* at the Fall Term, 1919, of CLAY, and from a judgment of nonsuit entered at the close of the plaintiffs' evidence, the plaintiffs duly excepted and appealed to the Supreme Court.

*M. W. Bell and Witherspoon & Witherspoon for plaintiffs.*
*Johnston & Horn and S. W. Black for defendants.*

BROWN, J. The plaintiffs are the heirs at law of W. H. Herbert, and also of E. Herbert, who was the father of W. H. Herbert.

From the evidence introduced, it appears that in the year 1865, State Grants Nos. 2865, 2866, 2868, and 2869 issued from the State to W. H. Herbert as grantee of the lands described therein, which lands were situated partly in Clay County and partly in Macon County. It further appears that on 20 April, 1890, Octavius Coke, Secretary of State, struck out the name of W. H. Herbert from the record of registration of said grants in the office of the Secretary of State and inserted the

name of E. Herbert therein as grantee and made the following entry on the registration of these grants, "Corrected by virtue of authority given by laws of 1889, Chapter 460. This 20 April, 1891, Oct. Coke, Sec. State." His Honor held that the plaintiffs, having introduced evidence connecting their title with W. H. Herbert, and not having connected with E. Herbert, had failed to establish a *prima facie* title to the lands in controversy. Chapter 460, Laws of 1889, is now sec. 1741 of the Revisal of 1905.

His Honor held that the action of the Secretary of State in striking out the name of W. H. Herbert in the grant and substituting therefor the name of E. Herbert, was a valid exercise of power under the statute. Sec. 1741, reads as follows:

"Errors in grants, how corrected. If in issuing any grant the number of the grant or the name of the grantee or grantees or any material words or figures suggested by the context has been omitted or not correctly written or given, or the description in the body of the grant does not correspond with the plot and description in the surveyor's certificate attached to the grant, or if in recording the grant in his office the Secretary of State has heretofore made or may hereafter make any mistake or omission by which any part of any grant has not been correctly recorded, the Secretary of State shall, upon the application of any party interested, and the payment to him of his lawful fees, correct the original grant by inserting in the proper place the word or words, figure or figures, name or names omitted or not correctly given or suggested by the context; or if the description in the grant does not correspond with the surveyor's plat or certificate, he shall make the former correspond with the latter as the true facts may require."

These grants, which are the subject of controversy and under which the plaintiffs claim, were issued in 1865 to W. H. Herbert, and his name stricken out and the name of E. Herbert inserted in 1890 by the Secretary of State without any notice to these plaintiffs, who are the heirs at law of W. H. Herbert, as required by sec. 1742, which is applicable to lands in Macon and Jackson counties. These lands are situated partly in Macon and Clay counties, and it seems would come within the purview of the statute, but independent of this lack of notice, we are of opinion that the Secretary of State had no power whatever to strike out the name of the true grantee to whom the grants were issued and insert the name of another to whom the grants were never issued. It seems to be very clear that the statute does not purport to confer judicial powers upon the Secretary of State even if it could. We think it is manifest that the purport of the statute was to provide a method of correcting, upon due notice, clerical errors in grants which had been issued. It is not denied that the grants were issued to W. H. Herbert;

it is claimed that the entries were made by E. Herbert, and that he paid the purchase money to the State and took out certificates of survey in his own name, but that for some reason the grants were issued in the name of W. H. Herbert, his son. It is claimed in the brief of the counsel for the defendant that the grants were issued to W. H. Herbert by mistake or fraud. If that is so, it is not a clerical error or mistake, such as comes within the purview of the statute. No judicial powers are conferred upon the Secretary of State, and it would require the exercise of judicial authority to correct the grants. This judicial authority under our Constitution is vested in a court for the trial of impeachment, a Supreme Court, Superior Court, courts of justices of the peace, and such other courts inferior to the Superior Court as may be established by law. Art. IV, sec. 2, Constitution.

If the grants were wrongfully issued to W. H. Herbert, either by mistake or fraud, the wrong could only be corrected by an action in the Superior Court seeking to convert W. H. Herbert or his heirs at law into a trustee for the use and benefit of E. Herbert or his heirs at law. In substituting the name of E. Herbert for W. H. Herbert, the Secretary of State exceeded his authority under the statute, and his act is therefore invalid.

It was contended upon the argument by the learned counsel for the defendant, Mr. Johnston, that the plaintiffs had conveyed all their interests in these lands to R. L. Herbert by deed executed by John C. Herbert and his wife, and by John C. Herbert for his coplaintiffs by virtue of the power of attorney. We find upon examination of the record that this allegation is made in the answer of the defendant, and the power of attorney and deed is set out specifically in the answer. This allegation is denied in sec. 2 of the plaintiff's replication. This power of attorney and deed were not introduced in evidence. The defendant, at the close of the plaintiff's evidence, moved for judgment of nonsuit upon the ground substantially that the action of the Secretary of State hereinbefore recited was valid, and that title to the land had never vested in W. H. Herbert. This motion was allowed. Thus it appears that the court below never passed upon the contention of the defendant in respect to the said conveyance. This is manifest, because there is no assignment of error pointing thereto.

New trial.